MICHAEL ASCHBERGER, TRADING AS CLIFTON MARBLE WORKS, RESPONDENT, v. GAETANO DI MENNA, APPELLANT.

Submitted October 2, 1934—Decided March 9, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Gaetano M. Belfatto.*

For the respondent, *Elmer Friedbauer.*

LLOYD, J.  Plaintiff below recovered a judgment against one Gaetano M. Belfatto in the District Court.  An appeal was taken by Belfatto to the Supreme Court and there affirmed.  In order to take this appeal and to stay execution the defendant gave bond conditioned for the payment of the judgment, interest and costs if the judgment in the District Court were affirmed.  The judgment was affirmed and a *remittitur* filed in the District Court remitting the cause to that tribunal, whereupon execution against the principal having failed, the present action was brought against the surety on the bond.

The defenses filed were that the state of demand did not disclose a cause of action; that there had been an appeal of the principal cause from the Supreme Court to the Court of Errors and Appeals and a bond filed in that proceeding.  The case was called for trial and the proofs disclosed the judgment, its affirmance, the issuance of an execution without result and the present action.

The defendant moved for a judgment in his favor. No grounds for this motion were presented and it was denied. Mr. Belfatto was called as a witness and testified that he had appealed the case to the Court of Errors and Appeals and mailed an appeal bond to the clerk of the Supreme Court where it was filed on February 23d, 1933; that he went to Trenton and found that the notice of the grounds of appeal and the appeal bond had been filed with the clerk of that court. He asked permission of the court to offer that bond in evidence. On cross-examination he said he did not file any paper at all in the Court of Errors and Appeals but added that the state of the case was ready in his office, but he had never filed it. Mr. Belfatto then asked that the court direct a verdict for the defendant in his own language, giving reasons as follows: "Because as I understand the law when a *remittitur* is removed from the Supreme Court to the District Court where the action was originally brought, the jurisdiction of the Court of Errors and Appeals is lost. I could not appeal before the Court of Errors and Appeals after April 28th, when the request was made of the Supreme Court to return the *remittitur* to this court. Therefore, I lost the appeal. My rights on appeal were lost by reason of such procedure."

There was judgment for the plaintiff. The defendant appeals, specifying as causes for reversal error in the denial of his motion for direction, because the bond entered in the appeal to the Court of Errors and Appeals discharged his obligation on the present bond, denial of his motions, and various other grounds not brought to the attention of the court below or not adequately stating a ground of appeal in compliance with the rules of the court.

On the foregoing statement of the facts there is but one question before this court and that is whether the court below should have granted the motions for nonsuit and direction on the grounds stated. It is quite obvious that these grounds were insufficient to arrest the progress of the trial.

The judgment is affirmed.